■ EDNA R. DENBERG, Appellant, v. JEROME A. DENBERG, Respondent.— Order, entered on April 29, 1964, denying plaintiff's motion to punish defendant for contempt of court, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and plaintiff's motion to punish defendant for contempt of court granted unless within 15 days from the date of entry of the order hereon the defendant discharges all liens against Prudential Life Insurance Company policy No. 13921017, the granting of the motion for contempt to be conditioned upon the plaintiff executing all necessary consents required by the Prudential Life Insurance Company to create as primary beneficiaries of the said policy the children of the marriage, to wit, William I., Marcia and Gail. By order of Mr. Justice BACKER dated October 11, 1962, the defendant was ordered to execute all necessary consents to the Prudential Life Insurance Company policy so that the plaintiff would become an irrevocable beneficiary and owner of the said policy. The defendant refused to comply with the order and, on February 13, 1964, Mr. Justice HELLMAN adjudged him in contempt for failure to execute the said forms. The plaintiff was remarried on January 26, 1964, although knowledge of her remarriage was kept secret for more than three months and, by reason of her remarriage, pursuant to agreement the three infant children of the marriage were to become the primary beneficiaries of the said policy. After defendant was jailed on April 1, 1964, he finally executed the required forms at which time plaintiff discovered that defendant had borrowed the full cash value of the policy from the company in the sum of $2,201.11 rendering it valueless. The order upon which this motion to punish for contempt is based, in addition to directing the execution of the consents, also provides that such consents be executed pursuant to the terms of the separation agreement and in compliance with the order of BACKER, J. The separation agreement, in addition to requiring the execution of the consents, provides that the policy is to be delivered "free of all liens and encumbrances." As a result, the defendant's execution of the required consents, after he had rendered the policy valueless, is not in compliance with but rather is in direct conflict with the separation agreement and, therefore, with the order which embodied the same. Inasmuch as the wife has since remarried, she too should be required to comply with the provisions of the separation agreement by executing the necessary consents to effectuate a change of beneficiary from herself to the children of the marriage. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.